## Commonwealth v. Strand

A. *Taxis*, for Commonwealth.

E. *Menges* and S. H. *High, Jr.*, for defendant.

KNIGHT, P. J., January 29, 1953.—Defendant was charged with a violation of land subdivision ordinance no. 41 of Upper Dublin Township and indicted.

He waived a jury trial and the case was heard before a judge of this court. There is no dispute as to the facts, which are:

I. By deed dated November 27, 1950, and recorded at Norristown in deed book no. 2142, page 172, Emanuel Pittaluga and wife conveyed to defendant, John Strand, 12 lots on the plan of lots of Tyson Terrace in Upper Dublin Township. The plan of lots of Tyson Terrace was recorded in the office of the recorder of deeds in deed book no. 1027, page 500, in June of 1927. The 12 lots were bounded and described as one piece, but the description is ended by this language: "Being lots Nos. 159 to 170 inclusive on said plan."

II. On July 25, 1951, defendant and his wife sold and conveyed by lot no. lots 159, 160, and 161 on the plan of Tyson Terrace.

III. On August 2, 1951, defendant and his wife sold and conveyed by lot no. lots nos. 162, 163, and 164 on said plan.

IV. On August 29, 1951, defendant and his wife sold and conveyed by lot number lots 165, 166 and 167 on said plan.

V. The board of commissioners has never formally approved the plan of Tyson Terrace as recorded in deed book 1027, page 500, and defendant has never submitted to the board any plan of subdivision of his land consisting of 12 lots as mentioned in finding no. I.

VI. Two streets as shown on the Tyson Terrace plan were dedicated to the township and accepted by the township five or six years ago and are now public streets maintained by the township. These streets are Bernard Avenue and one block on Tyson Avenue.

VII. For an indefinite period but at least for six years the land in Tyson Terrace as shown by the plan, has been assessed for taxation as lots and a separate bill submitted by the township tax collector for each lot.

VIII. During the last five years the building inspector of Upper Dublin Township has issued six permits to erect dwellings on land in Tyson Terrace and in each case the permit described the land on which the dwelling was to be erected by lot number only.

IX. A number of houses have been build in Tyson Terrace. By virtue of the last six permits issued, five houses have been erected on the streets that are public roads; in one case the house was built on a street shown on the plan but not dedicated or improved for public use.

X. On July 27, 1949, the Board of Commissioners of Upper Dublin Township passed land subdivision

ordinance no. 41, which became effective on September 4, 1949. This ordinance made it a misdemeanor punishable by a fine not exceeding $1,000, and imprisonment not exceeding two years, to subdivide any lot, tract or parcel of land, or to sell any lot in a subdivision unless and until a subdivision plan has been approved by the board of commissioners.

XI. On September 16, 1949, the board of commissioners adopted by resolution, a set of rules and regulations to supplement, fill in the details and implement land subdivision ordinance no. 41.

XII. On September 13, 1951, defendant was formally notified by the secretary of the board of commissioners that he, defendant, had violated the subdivision ordinance and on July 29, 1952, an information was filed on which a warrant was issued for the arrest of defendant.

XIII. Defendant was not aware of the provisions of the land subdivision ordinance when he sold some of his lots in July and August of 1951 and after receiving the notice of September 13, 1951, has sold no other lots on his tract.

### Discussion

Defendant sold 9 of his 12 lots in groups of three in July and August of 1951 and if his 12 lots come within the purview of the land subdivision ordinance of Upper Dublin Township he is guilty beyond all reasonable doubt.

Whether defendant comes within the swathe of the ordinance depends on when his land was subdivided. It is a cardinal rule of the criminal law that criminal statutes operate prospectively and not in retrospect. If in fact defendant's land was subdivided before the enactment of the Upper Dublin land subdivision ordinance, then defendant is not subject to its provisions.

Section 2 of the ordinance defines subdivision as follows:

"Subdivision is the division of a single lot, tract or parcel of land, into two or more lots, tracts, or parcels of land, including changes of street lines or lot lines for the purpose, whether immediate or future of transfer of ownership or of building development."

When Tyson Terrace was subdivided into lots and the plan recorded in 1927, it was certainly the intent of the owners to sell the lots individually. That is the very purpose of subdividing developments such as Tyson Terrace. More than that, many lots were sold, streets laid out and opened and a number of houses built. Moreover, the subdivision of Tyson Terrace has been recognized as a fact by the Supervisors and Commissioners of Upper Dublin Township and their officers, for the lots have been assessed as lots and the township tax collector has collected taxes on them as lots, the building inspector has issued building permits designating the land on which the building was to be erected by lot number, the commissioners themselves have accepted by dedication certain streets shown on the plan and are maintaining them at the public expense.

Defendant has not subdivided his land; he has simply sold units or lots in a subdivided development which was in existence long before the Upper Dublin ordinance was passed. Some point is made that because in the deed to defendant his lots are described in one piece as well as by lot numbers, that he subdivided when he sold some of the lots. Many careful conveyancers describe the lot or lots sold by metes and bounds as well as by lot number or numbers. The purpose of this is to decrease the chance of mistake, and to enable owners to locate the boundaries and location of their lots without reference to the recorded plan. It is also an added safeguard in case the recorded plan

is destroyed. The fact that the 12 purchased by defendant were described together as one piece in his deed has no significance in this case.

We have little difficulty in holding that as Tyson Terrace was laid out and the plan recorded in 1927, defendant is not guilty of subdividing his land under the provisions of the ordinance by virtue of which he stands indicted.

A more difficult question is whether defendant has violated the terms of the ordinance by selling some of his lots in the subdivision without having the plan of Tyson Terrace approved by the commissioners. It is a matter of common knowledge that there are many subdivisions in our townships, including Upper Dublin, that have been laid out for years and many of them fully developed. The Village of Fort Washington is an illustration, or Ambler Highlands, a subdivision with which the writer of this opinion is very famliar for he laid it out in 1910. The plan of Ambler Highlands was never approved by the Supervisors of Upper Dublin Township, for such approval was not necessary 43 years ago. Ambler Highlands is nearly fully developed with attractive and expensive homes; practically all of the streets shown on the plan have become public highways, either by dedication or by proceedings in the courts. To hold that the owner of one of the few remaining unimproved lots on Ambler Highlands faces a fine of $1,000 and two years in prison if he sells the lot without having the Ambler Highlands plan approved by the township commissioners and made subject to the rules and regulations governing a new subdivision would be so harsh and unreasonable as to shock the conscience of the average person.

The land subdivision ordinance of Upper Dublin Township is a highly penal piece of legislation and like all criminal statutes must be strictly construed and so construed we are of the opinion that so far as the

sale of lots in Tyson Terrace is concerned, it does not apply.

We do not wish to be understood as holding that all subdivisions laid out before passage of the land subdivision ordinance of Upper Dublin Township are exempt from its terms. If the owner of a lot in a subdivision, no matter when laid out, attempted to subdivide the same, we think he would come within the purview of the ordinance, or if a subdivision existed only on paper and nothing had been done to develop it, a different question would arise.

And now, January 29, 1953, defendant is found not guilty of violating the land subdivision ordinance of Upper Dublin Township. The costs are placed on the County of Montgomery.